**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ALPHONSO LITTLEJOHN,

                              Petitioner,

              -against-                                          **MEMORANDUM OF**
                                                                **DECISION AND ORDER**
                                                                06-cv-1607-ADS

JOSEPH T. SMITH,

                              Respondent.
--------------------------------------------------------X

**ALPHONSO LITTLEJOHN**
*Pro Se* Petitioner
99A3292
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

**THOMAS J. SPOTA**
District Attorney of Suffolk County
Criminal Courts Building
200 Center Drive
Riverhead, NY 11901-3388
              By:     Michael J. Miller, Assistant District Attorney


**SPATT, District Judge.**

       Presently before the Court is a petition for a writ of habeas corpus, pursuant to

28 U.S.C. § 2254, by Alphonso Littlejohn ("Littlejohn" or the "Petitioner").  For the

reasons that follow, the petition is dismissed as untimely.

# I. **BACKGROUND**

Littlejohn petitions this Court pursuant to 28 U.S.C. § 2254 for a writ of

habeas corpus.  The Petitioner seeks relief from his February 19, 1999 conviction for

one count of first degree manslaughter, following a bench trial in County Court,

Suffolk County, New York (Weber, J.).  The charges arose out of the March 14, 1998

stabbing death of Michael Cooper.

After conviction, the Petitioner was sentenced to 22 years imprisonment.  The

Petitioner appealed from his judgment of conviction and maintained that his guilt was

not proven beyond a reasonable doubt; that his verdict was against the weight of

evidence; and that his sentence was excessive.  The New York Appellate Division,

Second Department, affirmed the conviction.  People v. Littlejohn, 307 A.D.2d 976,

762 N.Y.S.2d 921 (2d Dep't 2003).  On September 30, 2003, the New York Court of

Appeals denied leave to appeal.  People v. Littlejohn, 100 N.Y.2d 622, 799 N.E.2d

628, 767 N.Y.S.2d 405 (2003).

On December 28, 2004, the Petitioner moved in the Appellate Division,

Second Department for a writ of coram nobis, claiming that his appellate counsel had

been ineffective.  On March 21, 2005, the Second Department denied the Petitioner's

application.  People v. Littlejohn, 16 A.D.3d 599, 790 N.Y.S.2d 877 (2d Dep't 2005).

On June 14, 2005, the Court of Appeals, *sua sponte*, dismissed the Petitioner's

application for leave to appeal "upon the ground that no civil appeal lies to the Court

of Appeals from the order of the Appellate Division denying a motion for a writ of error coram nobis." People v. Littlejohn, 5 N.Y.3d 742, 833 N.E.2d 706, 800 N.Y.S.2d 371 (2005). Thereafter, the Petitioner properly sought leave to appeal to the Court of Appeals. On October 31, 2005, the Petitioner's final application for leave to appeal was denied. People v. Littlejohn, 5 N.Y.3d 853, 840 N.E.2d 142, 806 N.Y.S.2d 173 (2005).

On April 3, 2006, Littlejohn filed a §2254 petition in this Court. The petition is dated March 21, 2006. The Petitioner alleges: (1) ineffective assistance of trial and appellate counsel; and (2) actual innocence. In opposition to the petition, the State contends that the Petition is untimely; that Littlejohn failed to exhaust all of his claims; and that the claims are without merit. In response, Littlejohn admits that his petition is untimely, but contends that the statute of limitations should be equitably tolled "because it was the State Appellate Court, and Court of Appeals who did create a denial of the Petitioner's 14th Amendment Right to Due Process and Equal Protection of the law." The Petitioner further claims that the statute of limitations should be equitably tolled because in 1999 and 2002 he moved to have his attorneys removed from his case and in March and April 2003 he filed grievances against his trial and appellate counsel.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

requires that a petitioner file his or her petition for a writ of habeas corpus within one

year from the date the conviction becomes final.  See 28 U.S.C. § 2244(d)(1)(A);

Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005); Williams v. Artuz, 237 F.3d

147, 150 (2d Cir. 2001); Wims v. United States, 225 F.3d 186, 189 (2d Cir. 2000).  A

conviction becomes final for AEDPA purposes at the conclusion of a petitioner's

direct appeal to the highest state court, and the time to seek a writ of certiorari with the

Supreme Court of the United States has expired.  Fernandez, 402 F.3d at 112 ("a

judgment becomes final by the conclusion of direct review or the expiration of the

time for seeking such review"); Williams, 237 F.3d at 150.  A petition for a writ of

certiorari must be filed within ninety days after the conclusion of the petitioner's direct

appeal.  Fernandez, 402 F.3d at 112.

In the present case, the Petitioner has failed to comply with AEDPA's time

restrictions.   The Petitioner's direct appeal concluded on September 30, 2003, when

the New York Court of Appeals denied his request for leave to appeal.  The Petitioner

did not file a petition for a writ of certiorari, so his conviction became final for

AEDPA purposes ninety days later, on December 29, 2003.  The Petitioner thus had

one year, or until December 29, 2004, to file a federal habeas corpus petition.

However, the Petitioner did not commence this action until March 21, 2006, the date

he prepared his petition, or April 3, 2006, the date the petition was filed, long after the

December 29, 2004 deadline had expired.  The instant petition is therefore untimely.

However, the AEDPA's limitation period may be tolled under certain

circumstances, including the period when "a properly filed application for State

post-conviction or other collateral review … is pending."  28 U.S.C. § 2244(d)(2).

See also Clark v. Stinson, 214 F.3d 315, 319 (2d Cir. 2000) ("the four months that

[petitioner's] petition for a writ of error coram nobis was pending in New York are not

counted toward the statutory limit"); Dupont v. Phillips, 05-CV-3426, 2006 U.S. Dist.

LEXIS 32197, at *6 (E.D.N.Y. May 19, 2006) ("Petitioner filed four post-conviction

motions which served to toll the one-year statute of limitations under Section 2254,

namely two motions pursuant to N.Y. Crim. Pro. Law 440.10 ('440'), and two writs of

error coram nobis").

In the present case, the Petitioner did not file his application for a writ of error

coram nobis until December 28, 2004, one day before the deadline expired for filing

his habeas petition.  The coram nobis application was pending in the Appellate

Division for 83 days until it was denied on March 21, 2005.  An additional 224 days

elapsed before the Petitioner's final application for leave to appeal was denied by the

Court of Appeals on October 31, 2005.

Even if the AEDPA's limitation period was tolled for the period of the coram

nobis application's pendency, the Petitioner's habeas corpus petition would still be

untimely.  The Petitioner's coram nobis application was filed one day before

expiration of the limitations period for the habeas petition.  Notably, almost the entire

year of the limitations period  elapsed before the coram nobis application was filed.

As a result, tolling the time period when the coram nobis application was pending, the

Petitioner had one day to file his habeas petition after the Court of Appeals denied his

application for leave to appeal on October 31, 2005.   However, the Petitioner waited

almost five months to file his habeas corpus petition after the completion of all state

court review.  As a result, even tolling the time that the coram nobis was pending, the

current habeas petition is still untimely.

A federal district court may nevertheless review an untimely petition if

equitable tolling principles apply.  The limitations period may only be tolled where it

is demonstrated that "exceptional circumstances" prevented a petitioner from filing a

timely habeas petition, and that the petitioner "acted with reasonable diligence

throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.

2000) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). To satisfy these

requirements, the petitioner must "demonstrate a causal relationship between the

extraordinary circumstances on which the claim for equitable tolling rests and the

lateness of his filing."  Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

In the present case, the Petitioner fails to demonstrate a circumstance that

would warrant equitable tolling.  He claims that the limitations period should be equitably tolled because the state courts denied his constitutional rights and he moved to have his attorneys removed from his case and filed grievances.  The Petitioner's vague claims regarding the state courts and his contentions that he wanted to have his attorneys removed do not constitute an "exceptional circumstance" that would justify the application of equitable tolling.  Moreover, the Petitioner's allegations regarding his counsel, all involve actions taken before September 30, 2003, and therefore, prior to the time that the limitations period even began to run.  The Petitioner offers no excuse for his failure to file his petition timely and does not make any excuse for the five month gap between conclusion of all state court review and the filing of his habeas petition.  Further, his *pro se* status alone does not warrant equitable tolling. Smith, 208 F.3d at 18.

The Petitioner has failed to meet AEDPA's limitation period.  Accordingly, Littlejohn's petition for a writ of habeas corpus is denied.

### III.  CONCLUSION

For the reasons stated above, it is hereby

**ORDERED**, that the petition for a writ of habeas corpus is dismissed as untimely; and it is further

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is **DENIED**, as the Petitioner fails to

make a substantial showing of a denial of a constitutional right.  <u>Miller-El v. Cockrell</u>,

537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003); <u>Lucidore v. New

York State Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

      **ORDERED**, that the Clerk of the Court is directed to close this case.

      **SO ORDERED.**

Dated: Central Islip, New York
      August 9, 2007

                         */s/ Arthur D. Spatt*
                          ARTHUR D. SPATT
              United States District Judge